Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Phone: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Blanca Ermelinda Navarrete | |
| *Plaintiff*, | |
| v. | Case No. 4:18-cv-2887 |
| Kirstjen Nielson, Secretary of the Department of Homeland Security; Lee F. Cissna, Director of the U.S. Citizenship and Immigration Services; Mark T. Siegl, Houston Field Office Director of the U.S. Citizenship and Immigration Services | Date: August 21, 2018 |
| *Defendants*. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is a complaint for declaratory and injunctive relief. The Plaintiff, Blanca Ermelinda Navarrete, files the instant complaint against Defendants because the U.S. Citizenship and Immigration Services ("USCIS"), a federal agency within the Department of Homeland Security ("DHS"), acted arbitrarily, capriciously and erred as a matter of law when it administratively closed Plaintiff's I-485, Application to Register Permanent Residence or Adjust Status ("Application"), instead of adjudicating it on the merits. *See* Exhibit 1—Notice of Administrative Closure.

Plaintiff seeks *de novo* review of the USCIS' action; seeks a declaratory judgement that the USCIS has jurisdiction to adjudicate her Application and that it acted arbitrarily, capriciously and not in accordance with the law when it administratively closed said Application; and seeks injunctive relief to compel the USCIS to recalendar and to adjudicate her Application on the merits.

Plaintiff files the instant action against the following Defendants: Kirstjen Nielson, in her official capacity as the Secretary of the DHS; Lee F. Cissna, in his official capacity as the Director of the USCIS; and Mark Seigl, in his official capacity as the Houston Field Office Director of the USCIS.

## I.  INTRODUCTION

1.  Plaintiff seeks an order declaring that the final agency decision by the USCIS to administratively close Plaintiff's Application, on the grounds that it lacked

jurisdiction, was arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law.

2. It is well settled, as per the USCIS' own Policy Memorandum, the Code of Federal Regulations ("C.F.R.") and decisions of the Board of Immigration Appeals ("BIA"), that the USCIS retains sole and exclusive jurisdiction to adjudicate adjustment of status applications filed by an arriving alien with one exception, which, as discussed below, does not apply in this case. *See* Exhibit 2—the USCIS Policy Memorandum; 8 C.F.R. §§ 245.2, 1245.2; *see also Matter of Yauri*, 25 I&N Dec. 103, 106-07 (BIA 2009).

3. The findings of the USCIS that it lacked jurisdiction over Plaintiff's adjustment of status ("AOS") application, despite the fact that Plaintiff is an arriving alien, runs contrary to its own Policy Memorandum, the federal regulations and the BIA's case law. As such, its decision is one that is arbitrary, capricious, an abuse of discretion and not in accordance with the law. Declaratory and injunctive relief is thereby the proper remedy.

4. It should be noted that Plaintiff has exhausted her remedies in this case and is not required to do anything further. The USCIS decision explicitly states that there is no appeal from its decision to administratively close Plaintiff's Application. *See* Exhibit 1, *supra*. It is thus considered a "final" agency action subject to judicial review by this Court for which there can be no judicially-

imposed exhaustion requirement. *See Darby v. Cisneros*, 509 U.S. 137, 147 (1993); *see also* 5 U.S.C. § 704.

## II.  JURISDICTION AND VENUE

5.  This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*.

6.  This Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., the All Writs Act, 28 U.S.C. § 1651, and under 28 U.S.C. § 1361.

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706, because Plaintiff herein seeks review of an agency action, including equitable injunctive remedies, which are generally reviewable under federal question jurisdiction. *See Califano v. Sanders,* 430 U.S. 99, 105 (1977).

8.  28 U.S.C. § 1331 provides that federal district courts have original jurisdiction in civil actions arising under the Constitution or federal law. Jurisdiction is therefore proper because this action arises under the Constitution and the federal Administrative Procedure Act ("APA").

9.  This Court also has subject matter jurisdiction in the present action under 28 U.S.C. § 1331, because this suit involves the statutory interpretation of 8

4

U.S.C. § 1255(a) and the applicable regulations governing adjustment of status ("AOS").

10. Likewise, this Court has jurisdiction under the APA, 5 U.S.C. §§ 701-706 *et seq.*, which provides that "a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, for which there is no other adequate remedy, is entitled to judicial review." *See* 5 U.S.C. §§ 702, 704; *see also Texas v. United States*, 809 F.3d 134, 163 (5th Cir. 2015) (noting there "is a well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action.").

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because all relevant actions, including the submission and administrative closure of Plaintiff's Application, occurred in the USCIS' field office in Houston, Texas.

## III. PARTIES

12. Plaintiff, Blanca Ermelinda Navarrete, is a resident of Baytown, Texas.

13. Defendant, Kirstjen Nielson, is the Secretary of the DHS. She is sued in her official capacity. She may be served at 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528.

14. Defendant, Lee F. Cissna, is the Director of the USCIS. He is sued in his official capacity. He may be served at 245 Murray Lane, SW, Mail Stop 0485,

Washington, DC 20528.

15. Defendant, Mark Siegl, is the USCIS Houston Field Office Director. He is sued in his official capacity. He may be served at 810 Gears Road, Suite 100, Houston, Texas 77067.

## IV.  STATUTORY AND REGULATORY BACKGROUND

16. Pursuant to 8 U.S.C. § 1255(a), an alien may adjust his or her status to that of a lawful permanent resident ("LPR") provided that: (1) the alien was inspected and admitted or paroled into the U.S.; (2) the alien makes such an Application for AOS; (3) the alien is eligible to receive an immigrant visa; (4) the alien is admissible to the U.S.; and (5) a visa is immediately available to him or her when the Application is filed.

17. The USCIS has the jurisdiction to adjudicate an application for AOS under 8 U.S.C. 1255(a), unless the immigration judge ("IJ") has jurisdiction under 8 C.F.R. § 1245.2(a)(1). *See* Title 8 of the Code of Federal Regulations ("C.F.R.") § 245.2(a)(1).

18. The IJ has exclusive jurisdiction to adjudicate any application for AOS if the alien is in removal or deportation proceedings (other than an arriving alien). *See* 8 C.F.R. § 1245.2(a)(1).

19. An arriving alien is one who is "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien

seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." *See* 8 C.F.R. § 1.2.

20. "An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act." *Id.*

21. The IJ can only have jurisdiction over AOS applications filed by arriving aliens if: (1) the alien properly filed the adjustment of status application with the USCIS while the alien was in the U.S.; (2) the alien departed and returned to the U.S. pursuant to a grant of advance parole; (3) the adjustment of status application was denied by the USCIS; and (4) the DHS placed the alien in removal proceedings *after* the alien's return to the U.S. on advance parole or *after* the adjustment of status application was denied. *See* 8 C.F.R. § 1245.2(a)(1)(ii) (emphasis added).

22. If the USCIS issues an improper final decision on the AOS application, contrary to the above-mentioned statutes and regulations, there are no more administrative remedies available and applicant is left with no choice but to assert a violation under the APA, 5 U.S.C. §§ 701-706, or under 28 U.S.C. § 1361, both of which authorize federal courts to review the Agency's decision and to compel action.

23. The APA provides that the person who suffers a legal wrong due to an agency action or is "adversely affected or aggrieved by an agency action," made reviewable by statute and for which there is no other adequate remedy, is entitled to judicial review. *See* 5 U.S.C. §§ 702, 704.

24. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. *See* 5 U.S.C. § 551(13).

25. The reviewing court is authorized to hold unlawful and set aside agency action, findings, and conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

## V.  FACTUAL BACKGROUND

26. Effective March 1, 2003, the DHS assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." *See* 8 C.F.R. § 2.1.

27. The USCIS is a bureau within the DHS and is delegated supervisory authority over all operations by the Secretary of the DHS. *Id.* The USCIS is responsible for accepting and adjudicating all I-485 Applications for AOS, unless, as

detailed above, jurisdiction lies with the IJ.

28. The USCIS Houston Field Office is an agency within the DHS and is delegated supervisory authority over all operations by the Secretary of the DHS. *Id.* The USCIS Houston Field Office is the agency with jurisdiction over the administrative closure of Plaintiff's Application for AOS

29. Plaintiff is a native and citizen of El Salvador. She was ordered removed by an IJ on February 23, 1994. *See* Exhibit 1, *supra*.

30. However, Plaintiff was subsequently granted Temporary Protected Status ("TPS") pursuant to 8 U.S.C. § 1254a. *Id.*

31. Plaintiff then obtained advance parole from the USCIS, which she used to travel and be paroled into the U.S. on May 25, 2013. *Id.*

32. On September 27, 2014, Plaintiff's spouse filed an I-130 family visa petition on her behalf, and Plaintiff contemporaneously filed her I-485 Application with the USCIS. *See* Exhibit 3—Filings with the USCIS.

33. Unfortunately, on April 20, 2018, the USCIS administratively closed Plaintiff's Application on the grounds that it lacked jurisdiction to adjudicate it. *See* Exhibit 1, *supra*.

34. Specifically, the USCIS found that because Plaintiff was previously in deportation proceedings before an IJ and because those proceedings were never terminated, Plaintiff returned to the status of an alien with an

outstanding deportation order, despite traveling and being paroled into the U.S. *Id.*

35. Accordingly, the USCIS determined that Plaintiff was not an arriving alien and, as such, only the IJ had jurisdiction over her Application. *Id.*

36. The USCIS explicitly stated that there is no appeal from its decision to administratively close Plaintiff's Application. *Id.* As such, there are no other forums or means available to her to seek a remedy for the administrative closure of her Application.

37. At this time, Plaintiff cannot file to reopen her proceedings with the IJ for review of her AOS because she is an arriving alien and the IJ would lack jurisdiction over the application, because she does not fall under the narrow exception giving the IJ jurisdiction over her AOS Application. *See* 8 C.F.R. § 1245.2(a)(1)(ii).

38. Plaintiff is thus filing the present action seeking declaratory and injunctive relief with this Court.

## VI. CLAIMS FOR RELIEF

39. Plaintiff incorporates by reference the allegations in paragraphs 1-38.

40. Plaintiff contends that under the APA, the USCIS' administrative closure of her Application for AOS was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

41. The U.S. Supreme Court has held that an agency action is arbitrary and capricious when "the agency…offers an explanation for its decision that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983).

42. The Supreme Court has further held that an agency abuses its discretion when it inexplicably departs from its own regulations or policies. *See INS v. Yang*, 519 U.S. 26, 32 (1996) ("Though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion.'").

43. In this case, the USCIS certainly departed from its own regulations and policies by finding that Plaintiff was not an arriving alien over which it could exercise jurisdiction. *See* Exhibit 2, *supra*.

44. Moreover, the USCIS offered an explanation for its decision that runs completely contrary to the evidence before it and one that is so implausible that it cannot be ascribed to a different view. Therefore, its decision was

11

arbitrary, capricious and an abuse of discretion.

45. Furthermore, the USCIS' administrative closure of Plaintiff's Application is not in accordance with the law.

46. The Federal Regulations, the BIA, and the USCIS' own Policy Memorandum clearly state that the USCIS has jurisdiction to adjudicate an application for AOS filed by an arriving alien. *See* 8 C.F.R. §§ 245.2(a)(1); 1245.2(a)(1); Exhibit 2, *supra*; *Matter of Yauri*, *supra; see also Matter of Silitonga*, 25 I&N Dec. 89 (BIA 2009).

47. As stated above, an arriving alien is one who is "an applicant for admission coming or attempting to come into the United States at a port-of-entry. *See* 8 C.F.R. § 1.2.

48. "An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act." *Id.*

49. In this case, Plaintiff is clearly an arriving alien because she traveled and then returned to the U.S. at a port-of-entry as an applicant for admission pursuant to her grant of parole, which the USCIS itself concedes. *See* Exhibit 1, *supra*.

50. Inexplicably, the USCIS contended that even though Plaintiff traveled and returned to the U.S. on an advance parole, she is not an arriving alien and she returns to the status of being an alien with an outstanding order of deportation. *Id.* However, this conclusion is erroneous as a matter of law for several

reasons.

51. First, the USCIS erroneously relies on a prior version of the INA in order to support its assertion that Plaintiff is not an arriving alien by citing to "Public Law 102-232-Dec. 12, 1991 – Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (MTINA), Section § 304(c)(1)(A)."

52. However, the aforementioned amendments cited by the USCIS related only to the Title III of the Immigration Act of 1990 and were superseded by the current version of the U.S. immigration and nationality law, passed in 1996 and codified as 8 U.S.C. §§ 1101 *et seq*. Therefore, any citation to MTINA in an attempt to support the proposition that Plaintiff is not an arriving alien is erroneous. *See* MTINA § 304; Exhibit 1, *supra*.

53. It is entirely unclear why the USCIS chose to rely on a prior version of the INA in this case, as it has no bearing on Plaintiff's eligibility for benefits under today's version of the immigration statute. Reliance on this law, in order to deny Plaintiff relief that she is eligible to seek, was erroneous as a matter of law.

54. Secondly, the USCIS' conclusion is legally erroneous because the Federal Regulations demonstrate that the clear intent of the Agency is to treat those aliens who travel on advance parole as "arriving aliens." *See Ibragimov v. Gonzales*, 476 F.3d 125, 132 (2d Cir. 2007) (stating that "[former] INS

13

regulations manifest the agency's clear intent to treat parolees, including advance parolees, as "arriving aliens" subject to a determination of inadmissibility.").

55. Thirdly, the Service's assertion that Plaintiff is able to seek AOS before the IJ is completely contrary to the law. As stated above, under 8 C.F.R. § 245.2(a)(1), the USCIS has jurisdiction to adjudicate an application for AOS filed by any alien, unless the IJ has jurisdiction under 8 C.F.R. § 1245.2(a)(1). *See* Exhibit 2, *supra*.

56. The IJ only has jurisdiction over an AOS Application if the alien: (1) properly filed the AOS application with the USCIS while the alien was in the U.S.; (2) departed and returned to the U.S. pursuant to a grant of advance parole; (3) the AOS application was denied by the USCIS; *and* (4) the DHS placed the alien in removal proceedings *after* the alien's return to the U.S. on advance parole or *after* the AOS application was denied (emphasis added). *See* 8 C.F.R. § 1245.2(a)(1)(ii).

57. While Plaintiff meets the first three requirements for the IJ to have jurisdiction, she fails the fourth requirement because she was placed in removal proceedings *well before* she returned to the U.S. on advance parole and *before* she filed her AOS application. *See* Exhibit 1, *supra*.

58. Accordingly, the exception allowing the IJ to exercise jurisdiction over Plaintiff's Application is inapplicable, and by finding otherwise, it erred as a matter of law.

59. There is only one clear interpretation of the aforesaid Federal Regulations and that is that the USCIS retains proper jurisdiction over Plaintiff's AOS Application because she is an arriving alien who does not fall within the limited exception that would confer jurisdiction over said Application to the IJ. *See* 8 C.F.R. §§ 245.2(a)(1); 1245.2(a)(1).

60. Lastly, the USCIS' conclusion that because Plaintiff returned to the status of an alien in proceedings, she must seek reopening and termination of her proceedings with the immigration court, is also erroneous because when Plaintiff departed the U.S. on advance parole, she executed her deportation order and brought finality to her deportation proceedings. This, in turn, deprives the IJ of jurisdiction to entertain any motion filed on her behalf.

61. The law states that when an alien travels with an outstanding order of deportation, like Plaintiff, the order becomes executed and the alien is considered to be deported or removed from the U.S. *See* 8 U.S.C. § 1101(g) ("…any alien ordered deported or removed (whether before or after the enactment of this chapter) who has left the United States, shall be considered to have been deported or removed in pursuance of law"); *see also* 8 C.F.R.

1241.7 ("Any alien who has departed from the United States while an order of deportation or removal is outstanding shall be considered to have been deported, excluded and deported, or removed.").

62. The BIA has consistently held that an alien's departure from the United States while under an outstanding order of deportation has the effect of executing the order, thereby bringing finality to the deportation proceedings and depriving the immigration courts and the BIA of jurisdiction to entertain motions, exception for motions to reopen *in absentia*, with respect to the underlying order. *See Matter of Bulnes-Nolasco*, 25 I&N Dec. 57, 58 (BIA 2009); *Matter of Okoh*, 20 I&N Dec. 864, 864-65 (BIA 1994); *Matter of Yih-Hsiung Wang*, 17 I&N Dec. 565, 567 (BIA 1980); *Matter of Estrada*, 17 I&N Dec. 187, 188 (BIA 1979) (rev'd on other grounds); *Matter of Palma*, 14 I&N Dec. 486, 487 (BIA 1973); *Matter of G-Y-B-*, 6 I&N Dec. 159, 159-60 (BIA 1954).

63. This principle is reflected in the Federal Regulations, which state, "[a] motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of…deportation…proceedings subsequent to his or her departure from the United States." *See* 8 C.F.R. §§ 1003.23(b)(1), 1003.2(d).

64. These so-called "departure bar" regulations, which have been upheld by the Fifth Circuit Court of Appeals in *Navarro-Miranda v. Ashcroft*, 330 F.3d 672,

16

676 (5th Cir. 2003), deprive the Court of entertaining motions to reopen once an alien departs the U.S. and executes the order of deportation.

65. In this case, Plaintiff traveled on advance parole and thus, executed her order of deportation. Her proceedings are final and, as per the well-settled case law above, the IJ lacks jurisdiction to entertain a motion to reopen and terminate her proceedings to allow her to proceed with the USCIS.

66. Therefore, the only avenue for relief is through the USCIS, which, as stated above, has proper jurisdiction over Plaintiff's AOS application. By concluding otherwise, the USCIS acted arbitrarily, capriciously, not in accordance with the law and abused its discretion. Therefore, judicial review of its actions under the APA is warranted.

## VII.   EXHAUSTION

67. Plaintiff incorporates by reference the allegations in paragraphs 1-66.

68. As noted above, Plaintiff is not required to exhaust her administrative remedies with respect to the administrative closure of her AOS Application because she is contesting a "final" agency action that is subject to judicial review under the APA.

69. The language of 5 U.S.C. § 704 states that an agency action is "final" without regard to whether an alien seeks reconsideration or appeal to a higher agency

authority, *unless* there is a statute or regulation that requires the alien to file an appeal and the agency action is inoperative during the appeal.

70. In this case, just as in *Darby*, *supra*, there is no statute or regulation requiring that Plaintiff exhaust her remedies prior to seeking judicial review under the APA. In fact, the USCIS decision itself clearly states that there is no appeal from this decision. *See* Exhibit 1, *supra*. Thus, when the USCIS issued its decision to administratively close Plaintiff's application for AOS, it was a "final" agency action for purposes of the APA, despite the fact that Plaintiff did not appeal said decision. *See Darby*, 509 U.S. at 137. Accordingly, there can be no judicially-imposed exhaustion requirement and judicial review is proper before this Court.

## VIII.  CONCLUSION

71. For the aforementioned reasons, the decision to administratively close Plaintiff's Application was arbitrary, capricious, an abuse of discretion and not in accordance with the law. Judicial review through this Court is therefore warranted under the APA.

## IX.    PRAYER FOR RELIEF

72. Wherefore, Plaintiff respectfully requests that this Court:

   a.  accept jurisdiction and venue as proper;

   b.  issue a declaratory judgment that the administrative closure of Plaintiff's

18

Application was arbitrary, capricious, an abuse of discretion and not in accordance with the law;

c. issue a declaratory judgment that the USCIS has jurisdiction to adjudicate Plaintiff's Application for AOS;

d. issue an injunctive order to compel the USCIS to recalendar and to adjudicate Plaintiff's Application;

e. grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

f. grant Plaintiff all other relief as the Court may deem just and proper.

Respectfully submitted,

GONZALEZ OLIVIERI LLC

*/s/ Raed Gonzalez*
_____
Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, TX 77098
Phone: (713) 481-3040,
Fax:   (713)588-8683
rgonzalez@gonzalezolivierillc.com
*Counsel of Record for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Blanca Ermelinda Navarrete | |
| | |
| *Plaintiff*, | |
| v. | Case No. 4:18-cv-2887 |
| Kirstjen Nielson, Secretary of the Department of Homeland Security; Lee F. Cissna, Director of the U.S. Citizenship and Immigration Services; Mark T. Siegl, Houston Field Office Director of the U.S. Citizenship and Immigration Services | |
| | Date: August 21, 2018 |
| | |
| *Defendants*. | |

## INDEX OF EXHIBITS

Exhibit 1—Notice of Administrative Closure

Exhibit 2—USCIS Policy Memorandum

Exhibit 3—Filings with USCIS